```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/15/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

Nancy Aponte and Angelo Gabriel Alves Marques

                      Plaintiff(s),

-against-                        20 Civ. 2037 (KMW)

**SCHEDULING ORDER**

Clinton Street Pizza Inc. d/b/a Rizzo's Fine Pizza, et al

                      Defendant(s).

------------------------------------------------------X

**APPEARANCES**:

Plaintiff(s) by:    Jesse C. Rose, Esq.

Defendant(s) by:    Nicholas Tuffarelli, Esq.

                  Stephen D. Hans, Esq.

KIMBA M. WOOD, United States District Judge:

    It is hereby ordered that:

1. **Pleadings and Parties.** Except for good cause shown –

    (1) No additional parties may be joined after November 11, 2021

    (2) No additional causes of action or defenses may be asserted after November 11, 2021.

    If the parties do not anticipate the joinder of any additional parties or the assertion of any additional causes of action or defenses, then the parties should insert above the date of the Initial Conference. Otherwise, the Court expects that all parties will be joined and all causes of action and defenses will be asserted within 90 days of the Initial Conference.

2. **Initial Disclosures.** Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than August 27, 2021. This date must be no more than 14 days

1/11/2019 Version

following the Initial Conference.

3. **Discovery.** Except for good cause shown, all discovery shall be commenced in time to be completed by November 12, 2021 . The Court expects discovery to be completed within 90 days of the Initial Conference. In the event that the parties believe that additional time is needed, the parties shall request an extension from the Court, by joint letter, and shall accompany that request with a proposed Amended Scheduling Order, with the extension not to exceed 60 days. Any further extensions will be given only after a showing of good cause that additional time is needed. *See* Fed. R. Civ. P. 16(b)(4).

4. **Motions.** Except for good cause shown, no motions shall be filed or heard after December 3, 2021 . The parties may satisfy this deadline through the submission of a letter to the Court requesting a pre-motion conference. The Court expects that all motions will be filed or heard within 21 days of the completion of discovery.

5. **Pretrial Order.** A proposed joint pretrial order shall be submitted by January 7, 2022 . Unless otherwise specified by the Court, this date must be within thirty (30) days after the close of discovery or, if any dispositive motion is filed, within three (3) weeks from the Court's decision on such motion, the parties shall submit a proposed joint pretrial order via ECF. The proposed joint pretrial order shall conform to the Court's Individual Rules of Practice, available online at http://nysd.uscourts.gov/judge/Wood.

6. **Additional Required Pretrial Filings in Jury Cases:** In a case to be tried to a jury, the parties must, by the date the joint proposed pretrial order is due: (1) file and serve motions addressing any evidentiary issues or other matters which should be resolved in limine; (2) file and serve a pretrial memorandum of law, when a party believes it would be useful to the Court; and (3) file joint proposed voir dire questions, a verdict form, and proposed jury instructions. These joint submissions shall conform to the Court's Individual Rules of Practice, available online at http://nysd.uscourts.gov/judge/Wood.

7. **Ready Trial Date.** A case will be deemed Ready for Trial on the date the parties submit the Joint Pretrial Order. At any time after the Ready Trial date, the Court may call the parties to trial upon forty-eight (48) hours' notice. No adjournment of that trial date will be permitted, unless counsel has faxed or emailed to Chambers an affidavit stating that he or she is engaged in trial in another court. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts, including, but not limited to, trials and vacations, that would prevent at trial on a particular date. Such notice must come before counsel are notified by the Court of an actual trial date, not after. Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

2

8. **Jury or Non-Jury Trial.** Please indicate whether this case will be tried by a jury by checking one of the following:

    Jury X          Non-jury ___

9. **Estimated trial time.** Estimated trial time, in hours, is 30 Hours ___.

10. **Final Pretrial Conference.** The Court will schedule a final pretrial conference in jury cases after the parties have filed their joint pretrial order. Non-jury cases will be referred to the designated Magistrate Judge for settlement after the joint pretrial order has been signed.

11. **Mediation.** Please indicate whether counsel for the parties have discussed the merits of mediation in regard to this action and wish to employ the free mediation services proved by this Court: Yes X  No ___

12. **Trial Before Magistrate Judge.** The parties have the option of trying this action before the Magistrate Judge assigned to this case. *See* 28 U.S.C. § 636(c). Such a trial would be identical to a proceeding before this Court in all respects, and the judgment would be directly appealable to the Second Circuit Court of Appeals. Given the nature of this Court's criminal docket, it is more likely that electing to proceed before the Magistrate Judge would result in the parties receiving a firm trial date. However, the parties are free to withhold consent without adverse substantive consequences.

13. **Communications to the Court.** All communications to the Court and all filed papers must identify the name and docket number of the case, followed by the Judge's initials (KMW), contain the writer's name, party's name, law firm (if any), business address and telephone number, and be signed by the individual attorney responsible for the matter (unless the party is proceeding pro se). Any letter to the Court must state the manner in which the letter was served on all other counsel.

14. **Individual Rules and Trial Procedures.** The Court's Individual Rules and Trial Procedures are available at http://nysd.uscourts.gov/judge/Wood.

3

15. **Amendments to Scheduling Order.** If either party wishes to change the dates set forth in this Scheduling Order, it must submit a written request to the Court that complies with § 1.G of Judge Wood's Individual Rules of Practice.

Signed:

Plaintiff: Nancy Aponte and Angelo Gabriel Alves Marques

[Plaintiff's Name]

Jesse C. Rose, Esq.

[Attorney's Printed Name]
Digitally signed by Jesse C Rose
DN: cn=Jesse C Rose, o, ou,
email=JRose@theroselawgroup.com, c=US
Date: 2021.08.13 14:04:36 -04'00'

[Attorney's Signature]

Defendant: Francesco Taormina and Alexander Lyudmir

[Defendant's Name]

Nicholas Tuffarelli / Stephen D. Hans, Esq.

[Attorney's Printed Name]

[Attorney's Signature]

SO ORDERED.

Dated: New York, New York
8/15/21

*/s/ Kimba M. Wood*

KIMBA M. WOOD
United States District Judge

4