UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

NANCY APONTE and ANGELO GABRIEL
ALVES MARQUES,

                          Plaintiffs,

              -against-

CLINTON STREET PIZZA INC. d/b/a
RIZZO'S FINE PIZZA, FRANCESCO
TAORMINA, *individually*, AMEDEO
ORLANDO, *individually*, and ALEXANDER
LYUDMIR, *individually*,

                          Defendants.

--------------------------------------------------------

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:  __2/7/2023_____ |

22-CV-3188 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Plaintiffs Nancy Aponte and Angelo Gabriel Alves Marques ("Plaintiffs") have brought suit against their former employer, Clinton Street Pizza Inc. ("CSP"), and three individuals who own and manage CSP: Francesco Taormina, Amedeo Orlando, and Alexander Lyudmir (collectively, "Defendants"). Plaintiffs bring claims pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and New York City Human Rights Law ("NYCHRL").

Plaintiffs have already obtained a judgment against Defendant Lyudmir and entered into a settlement agreement with Defendant Taormina. Defendants CSP and Orlando have failed to appear. Plaintiffs now move for default judgment against Defendants CSP and Orlando. Plaintiffs seek wage damages, wage statement and wage notice damages, liquidated damages, emotional distress damages, pre-judgment interest, and attorneys' fees and costs. For the reasons set forth below, the Court GRANTS Plaintiffs' motion for default judgment. The Court refers this action to Magistrate Judge Moses for an inquest into damages and attorneys' fees.

1

## BACKGROUND

### I.  Facts[1]

Defendant CSP is a restaurant doing business in the state of New York.  (AC ¶ 12-13.)
CSP is owned and managed by Defendants Taormina, Orlando, and Lydumir, who have
supervisory authority over all employees.  (*Id.* ¶¶ 14-15.)

Plaintiff Aponte worked as a server for Defendants from June 2014 to February 2019,
and Plaintiff Marques worked as a cashier for Defendants from August 2015 to February 2019.
(*Id.* ¶¶ 20, 40, 42; Marques Aff. ¶ 11, ECF No. 78, Ex. 5.)  While employed by Defendants,
Plaintiffs Aponte and Marques worked approximately thirty-six hours per week and seventy
hours per week, respectively.  (*Id.* ¶¶ 24, 43.)  Plaintiff Aponte was paid $5.00 an hour, and
Plaintiff Marques was paid $9.00 per hour.  (*Id.*)  Neither Plaintiff Aponte nor Plaintiff Marques
received overtime pay or spread of hours pay.  (*Id.* ¶¶ 26, 46, 69.)  Defendants frequently stole
tips from Plaintiffs, and they did not provide Plaintiffs with accurate wage statements and notices
as required by NYLL.  (*Id.* ¶¶ 39, 56, 63.)

During their employment, both Plaintiffs were subjected to frequent harassment by
Defendants Orlando and Taormina, which caused them severe emotional distress.  (*Id.* ¶ 64.)
Defendant Orlando often made sexual comments to Plaintiff Aponte, repeatedly telling her that
she was pretty, that he wanted to have sexual intercourse with her, and that she made him
"horny."  (*Id.* ¶¶ 28-33.)  He also inappropriately touched and grabbed Plaintiff Aponte's legs
and back when she was stocking shelves.  (*Id.* ¶ 34.)

---

[1]  The following summary is drawn from Plaintiffs' Amended Complaint.  (*See* Am. Compl. ("AC"), ECF No. 39.)
Defendants are deemed to have admitted all well-pleaded allegations of liability in Plaintiffs' Amended Complaint
because they have failed to appear.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158
(2d Cir. 1992).

Additionally, Defendants Orlando and Taormina regularly harassed Plaintiff Marques about his sexual orientation. (*Id.* ¶ 48.) They belittled him for being homosexual and teased him about being sexually interested in male customers. (*Id.* ¶¶ 50, 52.) Furthermore, they made homophobic comments about him to other staff, including telling his male co-workers to "watch out" because Marques liked men and "would like to have sex with his fellow co-workers." (*Id.* ¶ 49.)

## II. Procedural History

On March 6, 2020, Plaintiffs filed a complaint against Defendants, alleging that Defendants violated FLSA and NYLL by failing to (1) compensate Plaintiffs for all hours worked, (2) pay overtime or spread of hours pay, and (3) provide required wage notices and statements. (Compl., ECF No. 2.) Additionally, Plaintiffs averred that Defendants violated Title VII and NYCHRL by discriminating against them on the basis of gender and sexual orientation. (*Id.*)

Plaintiffs successfully served their Complaint on all Defendants except Defendant Orlando, who was located outside of the United States. (ECF Nos. 10, 11, 13, 14.) Only Defendant Lyudmir filed an answer to Plaintiffs' Complaint. (ECF No. 16.) After Defendants CSP and Taormina failed to appear, Plaintiffs moved for default judgment against them. (ECF No. 26.)

The Court denied Plaintiffs' motion, finding that Plaintiffs had not established a proper basis for liability with respect to their federal law claims. *See Aponte v. Clinton Street Pizza Inc.*, No. 20-CV-2037, 2021 WL 1961646, at *2 (S.D.N.Y. May 17, 2021) (Wood, J.). Specifically, the Court concluded that Plaintiffs had failed to adequately plead a FLSA claim because Plaintiffs had not alleged that they were employed in an enterprise engaged in interstate

commerce, a requirement for FLSA coverage. *Id.* at *3. Moreover, the Court determined that Plaintiff Aponte had failed to assert a Title VII claim against CSP because she had not stated that CSP had "fifteen or more employees," an essential element of a Title VII action. *Id.* at *4-5. Since Plaintiffs had not established a proper basis for liability with respect to their federal law claims, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. *Id.* at *2.

On July 23, 2021, Plaintiffs filed an Amended Complaint, addressing the issues identified by the Court. (*See* AC.) On December 16, 2021, Plaintiffs resolved their claims against Defendant Taormina pursuant to a settlement agreement. (ECF No. 62.) Plaintiffs subsequently accepted an Offer of Judgment made by Defendant Lyudmir on June 10, 2022. (ECF No. 69.)

Thus, the only two Defendants remaining in this case are Defendants CSP and Orlando. Both Defendants have been properly served with a copy of the summons and Plaintiffs' Amended Complaint. (ECF Nos. 40, 49.) Neither Defendant has filed an answer or otherwise appeared in this action. The Clerk of Court issued a Certificate of Default against Defendant Orlando on November 24, 2021and Defendant CSP on September 21, 2022. (ECF Nos. 60, 88.) Plaintiffs now move for default judgment against both Defendants. (ECF No. 77.) On October 31, 2022, the Court ordered Defendants to show cause, in writing, by December 16, 2022, why default judgment should not be entered against each of them. (ECF No. 89.) Neither Defendant has responded to the Court's Order.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step procedure for entry of default judgment. First, when a defendant against whom a judgment for relief is sought "has

failed to plead or otherwise defend," the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  "A [defendant's] default is deemed to constitute a concession of all well-pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

Second, the plaintiff seeking relief "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish a proper basis for liability.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).  In making its determination, the court is "required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Default judgment is inappropriate when a plaintiff fails to state a cause of action.  *See Young-Flynn v. Wright*, No. 05-CV-1488, 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007) (Kaplan, J.) (collecting cases).

## DISCUSSION

### I.  Wage-Related Claims

Plaintiffs' first set of claims relates to alleged wage and overtime law violations pursuant to FLSA and NYLL.  As discussed below, the Court finds that Plaintiffs have asserted a proper basis for liability for both their FLSA and NYLL claims.  Therefore, default judgment is appropriate.

### A.  Federal Law Claim Pursuant to FLSA (Count One)

The FLSA establishes minimum wage and hour standards affecting employees in the private sector and in federal, state, and local governments.  *See* Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*  Employees covered by FLSA are entitled to keep their tips, to be

compensated for all hours worked, and to be paid a minimum wage equivalent to $7.25 per hour – or their state minimum wage, if higher.  29 U.S.C. §§ 203(m)(2)(B), 206(a)(1), 218(a). Covered employees are also entitled to overtime pay at a rate at least one and one-half times their regular rate for all hours worked over forty hours per week.  29 U.S.C. § 207(a)(1).

To be covered by FLSA, an employee must be either (1) "employed in an enterprise engaged in [interstate] commerce or in the production of goods for [interstate] commerce," which is referred to as "enterprise coverage," or (2) personally "engaged in [interstate] commerce or in the production of goods for [interstate] commerce," which is referred to as "individual coverage."  29 U.S.C. § 206(a), 207(a); *see Vasquez v. NS Luxury Limousine Serv.*, *LTD.*, No. 18-CV-10219, 2021 WL 1226567, at *9 (S.D.N.Y. Mar. 31, 2021) (Nathan, J.) ("The word 'commerce' in [FLSA] refers to 'interstate commerce.'")  With respect to enterprise coverage, a business is "engaged in [interstate] commerce" when its "annual gross volume of sales made or business done is not less than $500,000" and it has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate] commerce."  29 U.S.C. § 203(s)(1)(A).

Here, Plaintiffs have adequately alleged that they met the requirements for enterprise coverage while working for Defendants.  Plaintiffs state that "during the period [they] were employed by Defendants, [CSP] averaged approximately $780,000.00 in business done each year."  (AC ¶ 17.)  Additionally, Plaintiffs aver that Defendants regularly participated in interstate commerce by: (1) purchasing and selling food and alcohol which had moved in interstate commerce and which Plaintiffs handled, and (2) using cutlery, linens, and plates that had moved in interstate ecommerce and which Plaintiffs handled.  (*Id.* ¶ 18.)

Plaintiffs have also alleged sufficient facts to show that Defendants violated FLSA in several ways.  Specifically, Plaintiffs state that "Defendants stole tips from Plaintiffs," "failed to compensate Plaintiffs for all hours worked," paid Plaintiffs an "average hourly rate . . . below the [New York City] minimum wage," and "failed to provide [Plaintiffs an] overtime premium," in violation of 29 U.S.C. §§ 203(m)(2)(B), 206(a)(1), 207(a)(1).  (*See* AC ¶¶ 66-71.)  Accordingly, the Court finds that Plaintiffs have successfully pled a FLSA cause of action.

**B.  State Law Claims Pursuant to NYLL (Counts Two and Three)**

Since Plaintiffs have sufficiently alleged a cause of action pursuant to FLSA, the Court may exercise supplemental jurisdiction over Plaintiffs' state NYLL claims.  *See* 28 U.S.C. § 1367.  Like FLSA, NYLL protects employees by prohibiting tip theft and requiring employers to pay employees a minimum wage and overtime pay equal to one and one-half times the regular rate for all hours worked over forty hours per week.  N.Y. LAB. LAW §§ 196-d, 652; N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.  Additionally, NYLL requires employers to pay employees "spread of hours pay"[2] and to provide employees with proper wage notices and statements.  N.Y. LAB. LAW §§ 195(1), (3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.  NYLL's coverage is broad, applying to essentially any individual employed in any occupation in New York, with a few limited exceptions.  N.Y. LAB. LAW §§ 190(2), 651(5).

Plaintiffs allege that they "were employed [by Defendants] within New York County, New York" and are thus covered by NYLL.  (AC ¶¶ 10-11.)  Plaintiffs also claim that Defendants "withheld money from [Plaintiffs'] tips," "fail[ed] to pay [Plaintiffs] proper wages for each hour worked," "failed to pay [Plaintiffs] overtime," "failed to pay [Plaintiffs] spread of

---

[2]  Spread of hours is "the length of the interval between the beginning and end of an employee's workday," which "includes working time plus time off for meals plus intervals off duty."  N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6.  NYLL stipulates that "an employee shall receive one additional hour of pay at the basic minimum hourly rate . . . [o]n each day on which [their] spread of hours exceeds 10."  *Id.*  This is referred to as "spread of hours pay."

hours pay," and "never provided wage statements or wage notices to Plaintiffs." (*Id.* ¶¶ 60, 72-84.)  The Court concludes that Plaintiffs have pled sufficient facts to establish Defendants' liability under NYLL.

## II.  Harassment-Related Claims

Plaintiffs' second set of claims concerns allegations of discrimination and harassment under Title VII and NYCHRL.[3]  As discussed below, the Court concludes that Plaintiffs have asserted a proper basis for liability for both their Title VII and NYCHRL claims and thus default judgment should be entered against Defendants.

### A.  Federal Law Claim Pursuant to Title VII (Count Four)

Title VII applies to any employer that has "fifteen or more employees" and is "engaged in an industry affecting [interstate] commerce."  42 U.S.C. §§ 2000e(b), (g).[4]  Title VII makes it unlawful for a covered employer to "discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of," *inter alia*, "such individual's . . . sex[.]"  42 U.S.C. § 2000e-2(a)(1).  Title VII's prohibition against sexual discrimination includes sexual harassment.  *Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012).  "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment."  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).  "[T]he kinds of workplace conduct that may be actionable . . . include [u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature."  *Id.*  at 65.

---

[3] Additionally, Plaintiffs aver that Defendants violated Title VII and NYCHRL by retaliating against them when they objected to and complained about Defendants' alleged harassment.  (AC ¶ 3.)  Plaintiffs, however, have failed to plead any facts to support their retaliation claims.  Thus, the Court finds that Plaintiffs have failed to plead a cause of action alleging unlawful retaliation pursuant to Title VII or NYCHRL.

[4] Individuals are not subject to liability pursuant to Title VII.  *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995).

Here, Plaintiff Aponte has brought a Title VII sexual discrimination claim against Defendant CSP.  Plaintiff Aponte alleges that Defendant CSP "had at least fifteen (15) employees" and engaged in interstate commerce during the period of her employment.  (AC ¶¶ 18-19.)  Plaintiff Aponte also avers that she has filed charges against Defendant CSP with the Equal Employment Opportunity Commission and obtained a right to sue letter (*see* AC ¶¶ 8-9), a "precondition" to bringing an employment discrimination claim in federal court.  *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001).

Plaintiff Aponte claims that when she worked for Defendant CSP, her direct manager, Defendant Orlando, "would often sexually harass [her] and make the work environment extremely hostile[.]"  (AC ¶ 28.)  Defendant Orlando regularly told Plaintiff Aponte that she was "pretty," that she made him "horny," and that "he wanted to have sexual intercourse with her" and "eat [her] for dinner."  (*Id.* ¶¶ 29-31.)  When Plaintiff Aponte stocked shelves, Defendant Orlando would also "frequently touch and grab her behind her legs and her back, sexually assaulting [her]."  (*Id.* ¶ 34.)  The Court finds that such allegations of severe and pervasive sexual harassment are more than adequate to state a sexually hostile work environment claim pursuant to Title VII.

### B.  New York City Law Claim Pursuant to NYCHRL (Count Five)

Since Plaintiffs have sufficiently pled a cause of action pursuant to Title VII, the Court may exercise supplemental jurisdiction over Plaintiffs' NYCHRL claim.  *See* 28 U.S.C. § 1367.  NYCHRL makes it unlawful "for an employer [with four or more employees] or an employee or agent thereof . . . to discriminate against [a] person in compensation or in terms, conditions or privileges of employment" due to, *inter alia*, their "gender [or] sexual orientation[.]"  N.Y.C. ADMIN. CODE § 8-107; *see also* N.Y.C. ADMIN. CODE § 8-102.  Like Title VII, NYCHRL bars

harassment that results in the creation of a hostile work environment. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 114 (2d Cir. 2013). NYCHRL provisions, however, are analyzed "separately" from Title VII and interpreted "'broadly in favor of discrimination plaintiffs.'" *Id.* at 109 (quoting *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011)). To prevail on a NYCHRL hostile work environment claim, a plaintiff need "show only 'that he or she was treated less well than other employees because of [his or her] relevant characteristic," not that harassment was "severe or pervasive." *Marseille v. Mount Sinai Hosp.*, No. 21-2140, 2022 WL 14700981, at *2 (2d Cir. 2022) (quoting *Bilitch v. N.Y.C. Health & Hosps. Corp.*, 148 N.Y.S.3d 238, 245 (App. Div. 2021)).

Here, Plaintiff Aponte claims that Defendants violated NYCHRL by discriminating against her on the basis of gender and sexually harassing her, resulting in a hostile work environment. As discussed above, Plaintiff Aponte has pled sufficient facts to state a hostile work environment claim under Title VII. She has also adequately alleged a hostile work environment claim under NYCHRL's "more lenient standard." *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017).

Plaintiff Marques, a homosexual male, claims that Defendants violated NYCHRL by discriminating against him and "harassing him on a daily basis" on account of his sexual orientation. (AC ¶¶ 41, 52, 91-93.) Specifically, Plaintiff Marques alleges that Defendants Orlando and Taormina[5] often "ma[d]e fun of [his] sexual orientation" and "ma[d]e sexual and homophobic comments about him in the kitchen to other staff." (*Id.* ¶¶ 48, 50-51.) When male customers were present, they would "ask Plaintiff Marques if he wanted to have sex with them or

---

[5] Defendant Taormina entered into a settlement agreement with Plaintiffs and is no longer a party to this action. Defendant CSP, however, is liable for Defendant Taormina's discriminatory conduct because Defendant Taormina was a supervisor for CSP. *See* N.Y.C. ADMIN. CODE § 8-107(13).

date them." (*Id.* ¶ 50.)  Additionally, Defendant Orlando would "frequently tell Plaintiff Marques's male co-workers to 'watch out' or 'be careful' because Marques liked men and he would like to have sex with [them]." (*Id.* ¶ 49.)  Plaintiff Marques alleges that Defendants' conduct made him "feel extremely uncomfortable and mistreated" and "ma[d]e it impossible for [him] to complete his work tasks." (*Id.* ¶¶ 51, 54.)  Such allegations show that Plaintiff Marques was "treated less well than other employees" because of his sexual orientation.  Hence, the Court concludes that Plaintiff Marques has successfully pled a hostile work environment claim under NYCHRL.

## CONCLUSION

For the above reasons, Plaintiffs' application for default judgment against Defendants CSP and Orlando is GRANTED.  The Court refers this action to Magistrate Judge Moses for an inquest into damages and attorneys' fees.  The Clerk of Court is respectfully directed to close ECF No. 79.

SO ORDERED.

Dated:  New York, New York
        February 7, 2023                                  _____/s/ Kimba M. Wood_____
                                                           KIMBA M. WOOD
                                                           United States District Judge